**STATE of Tennessee, Appellee,**

v.

**William T. BECK, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 13, 1997.

No Permission to Appeal Applied for to the Supreme Court.

Comer L. Donnell, District Public Defender, Sharon Linville, Asst. Public Defender, Lebanon, for Appellant.

Charles W. Burson, Attorney General and Reporter, Janis L. Turner, Counsel for the State, Nashville, Robert N. Hibbitt, District Attorney General, pro tem, Doug Hall, Asst. District Attorney General, Lebanon, for Appellee.

## OPINION

PEAY, Judge.

The defendant was indicted on June 13, 1995, for driving under the influence (DUI), fourth offense, and driving on a revoked license, third offense. After a trial by jury, he was convicted of DUI, fourth offense. Prior to the verdict, but after the trial had begun, the defendant reached a plea agreement with the State as to the charge of driving on a revoked license and agreed to plead guilty to driving without a license. For the DUI conviction, he was sentenced to eleven months, twenty-nine days at one hundred percent in the county jail. In addition, he was fined one thousand dollars ($1000) and his driving privileges were revoked for ten years.

In this appeal as of right, the defendant cites the following issues:

1. Whether the trial court erred by telling the jury prior to its deliberations that the defendant had pled guilty to the charge of driving without a license?

2. Whether the evidence contained in the record was sufficient to support a finding of guilt beyond a reasonable doubt?

3. Whether the defendant's sentence is excessive?

After a review of the record and an analysis of the above issues, we modify the conviction and remand this cause to the court below for resentencing.

The defendant was arrested on June 19, 1994, after police officers were called to the scene of a one vehicle accident. When Patricia Hamblin, a deputy with the Wilson County Sheriff's Department, arrived she found the defendant's truck sitting catty-cornered in a ditch with only two wheels on the ground. The defendant was sitting in the driver's seat with his legs hanging outside the door. At trial, Hamblin testified that the defendant had seemed dazed and incoherent. She further testified that she had detected the smell of an intoxicant and that the defendant had had an open can of beer in his hand. Hamblin called for medical assistance, but when ambulance personnel arrived, the defendant refused treatment.

Larry Hitchcock, a trooper with the Tennessee Highway Patrol, also investigated the accident. Hitchcock testified that when he had arrived, he asked the defendant what had happened, and the defendant replied that he had hit a tree and run into the "damn ditch." The defendant refused to perform any field sobriety tests. Hitchcock testified that the defendant had been very belligerent and had said, "I'm not going to take any damn test. You might as well go ahead and arrest me because you know I'm drunk and I know I'm drunk." Hitchcock found two open cans of beer in the truck and four other unopened ones. No blood alcohol content test was performed because the defendant refused to consent to the test.

 As his first issue, the defendant complains that he was prejudiced by a statement made by the trial court judge to the jury. Prior to the jury's deliberations, the trial judge informed the jury that "the only issue going to the jury, let me make sure I made that clear, is driving under the influence. The defendant is going to enter a plea to no driver's license, so that's going to take care of that. You don't have to consider that." The defendant contends that this statement influenced the jury to find that the defendant was the driver at the time of the accident. He further contends that there was no testimony from any witnesses that the defendant was actually seen driving the vehicle. He asserts that a reasonable person could find that another person had been driving the vehicle and had walked away prior to officers' arrival on the scene.

Rule 52(a) of the Tennessee Rules of Criminal Procedure provides that "[n]o judgment of conviction shall be reserved on appeal except for errors which affirmatively appear to have affected the result of the trial on the merits." In other words, "the line between harmless and prejudicial error is in direct proportion to the degree of the margin by which the proof exceeds the standard required to convict." *State v. Hallock,* 875 S.W.2d 285, 292 (Tenn.Crim.App.1993). In the present case, the evidence against the defendant is overwhelming. Two officers testified that the defendant had admitted to driving the truck. Hitchcock testified that the defendant had also admitted to being drunk. In fact, the defendant was holding an open can of beer while the officers were attempting to investigate the accident. Although the trial court judge should have avoided making such a statement to the jury, we cannot conclude that the statement had any effect on the outcome of the trial. In reviewing the entire record in this cause, we are satisfied that this error was harmless beyond a reasonable doubt. T.R.A.P. 36(b); Tenn. R.Crim. P. 52(a).

As his second issue, the defendant contends that the evidence produced at trial was insufficient to support a finding of guilt beyond a reasonable doubt. A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *State v. Tuggle,* 639 S.W.2d 913, 914 (Tenn.1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978).

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. *Cabbage,* 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. *State v. Grace,* 493 S.W.2d 474, 476 (Tenn.1973).

The evidence presented at trial is clearly sufficient to convict the defendant of DUI beyond a reasonable doubt. Tennessee Code Annotated § 55–10–401(a) provides that "[i]t is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state ... while: (1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system; or (2) The alcohol concentration in such person's blood or breath is ten-hundredths of one percent (.10%) or more." While no one actually saw the defendant driving, he was the only one in the area, he was the owner of the vehicle, he was sitting in the driver's seat, and he even said he had been driving at the time of the accident. Trooper Hitchcock testified that the defendant had admitted hitting a tree and landing his vehicle in a nearby ditch. Furthermore, the defendant admitted to Hitchcock that he was drunk and he was holding an open can of beer at the time the officers arrived. From these facts, we can only conclude that there is sufficient evidence for a rational trier of fact to find the defendant guilty beyond a reasonable doubt.

The defendant also complains that the evidence was insufficient for the jury to convict him of a fourth DUI offense. After the jury rendered its verdict as to the DUI charge, it considered the defendant's prior DUI convictions. As evidence of prior convictions, the

State offered a certified copy of a March 1990 Robertson County conviction for DUI, second offense, and a certified copy of a June 1991 Wilson County conviction for DUI, first offense. Although the defendant had been charged with third offense DUI in Wilson County, he evidently reached a plea agreement whereby he agreed to plead guilty to DUI, first offense.

▇▇▇ The indictment had alleged that the defendant was also convicted of DUI in June of 1992 in Robertson County. No certified copy was presented as to this conviction. The defendant contends that without a copy of this conviction, the evidence is insufficient to convict the defendant of a fourth DUI offense. We agree. The only evidence before the jury was that the defendant had been convicted twice of DUI. The State tries to argue that because a conviction for DUI, second offense, was shown to the jury, the jury may infer that there was in fact a previous DUI. While that may be the case, it is not necessarily true. That a conviction is labeled first or second is not determinative; "it is the quantity, not the quality, of the prior offenses that govern." *State v. Mahoney*, 874 S.W.2d 627, 630 (Tenn.Crim. App.1993). Here, the direct proof showed only that the defendant had received two DUI convictions. Additionally, the indictment charged that the defendant received his third DUI later in time than the two convictions that were submitted to the jury. The State cannot now base its argument on a mysterious first DUI where there was no proof of a conviction and where it was not listed in the indictment. The State must offer direct proof as to the number of previous DUIs. Without such proof, it is only a guessing game as to whether a conviction actually occurred and if it did, whether it was within the time guidelines of the statute.[1] Because the State failed to present evidence of three DUI convictions, the evidence is insufficient to convict the defendant of DUI, fourth offense. Instead, the evidence only supports a conviction of DUI, third offense.

▇▇ The defendant's third complaint is that his sentence of eleven months, twenty-nine days at one hundred percent is excessive. We conclude that a remand for resentencing is in order. In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the trial court is required to allow the parties a reasonable opportunity to be heard on the question of the length of the sentence and the manner in which it is to be served. T.C.A. § 40–35–302(a). The sentence must be specific and consistent with the purpose and principles of the Criminal Sentencing Reform Act of 1989. T.C.A. § 40–35–302(b).

In this case, the trial court judge sentenced the defendant immediately upon the return of the jury's verdict. The judge did not give the defendant an opportunity to be heard on the question of the length of the sentence and the manner in which it is to be served as is required by T.C.A. § 40–35–302(a). While the actual length of a DUI offender's sentence is fixed by statute, the defendant should have been given the opportunity to be heard on what amount of the sentence, if any, over one hundred twenty days should be served in the county jail. The trial judge also failed to enunciate whether he considered the sentencing principles and all relevant facts and circumstances as is required. Because of this and because we have reduced the conviction, we remand this cause to the trial court for resentencing.

Thus, the conviction is modified to DUI, third offense, and this cause is remanded to the trial court for resentencing.

WELLES and SMITH, JJ., concur.

---

1. For example, pursuant to T.C.A. § 55–10–403(a)(3), only those DUI convictions within a ten year period may be considered when determining whether a defendant is a multiple offender.