# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 7, 2001

## STATE OF TENNESSEE v. PAUL H. CLEVER

### Direct Appeal from the Criminal Court for Shelby County
### No. 99-10172    James C. Beasley, Jr., Judge

---

### No. W2000-01810-CCA-R3-CD - Filed September 14, 2001

---

The defendant pled guilty to driving under the influence and was sentenced as a multiple offender. In this appeal as of right, the defendant alleges that (1) the trial court erred in finding that he was a third offender for purposes of sentencing, and (2) the DUI sentencing statute is unconstitutional because it is vague and has an ex post facto effect. After careful review, we affirm the defendant's conviction and sentence.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Bill Anderson, Jr., Memphis, Tennessee, for the appellant, Paul H. Clever.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Jim Powell, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### DISCUSSION

On August 8, 1999, the defendant was charged in a three-count indictment, the first two counts for DUI, Tenn. Code Ann. § 55-10-401, and the third count for reckless driving, Tenn. Code Ann. § 55-10-205. The indictment alleged that he had two prior DUI convictions, both in Shelby County, on December 27, 1990, and on November 18, 1986, with the 1990 conviction being in the Shelby County Criminal Court and the 1986 conviction in the Shelby County General Sessions Court.

He pled guilty to driving under the influence of an intoxicant. At the sentencing hearing, the defendant not contesting his 1990 conviction, the State introduced evidence of his 1986 DUI conviction through the testimony of the general sessions court presiding judge and a general sessions

court clerk. The trial court then sentenced the defendant as a third offender, a Class A misdemeanor, imposed a fine of $1100, and ordered that the defendant be confined for eleven months, twenty-nine days, with all but 120 days suspended and the balance to be served on probation. He was ordered to serve the 120 days consecutively day for day, and his license was suspended for three years. This appeal as of right results from that judgment.

## ANALYSIS

### Validity of the 1986 Conviction

Tennessee Code Annotated Section 55-10-403(a)(3) (Supp. 2000) provides for enhanced punishment for a defendant with prior DUI convictions within given time periods:

> [A] person who is convicted of a violation of § 55-10-401 shall not be considered a repeat or multiple offender and subject to the penalties prescribed in subsection (a), if ten (10) or more years have elapsed between such conviction and any immediately preceding conviction for a violation. If, however, a person has been convicted of a violation of § 55-10-401 within ten (10) years of the present violation, then such person shall be considered a multiple offender and is subject to the penalties imposed upon multiple offenders by the provisions of subsection (a). If a person is considered a multiple offender under this subdivision, then every conviction for a violation of § 55-10-401, within ten (10) years of the immediately preceding violation shall be considered in determining the number of prior offenses, but in no event shall a conviction for a violation occurring more than twenty (20) years from the date of the instant conviction be considered for such purpose.

The defendant argues that the trial court improperly sentenced him as a DUI third offender under Tennessee Code Annotated Section 55-10-403(a)(3), because there was inadequate proof as to his 1986 DUI conviction. Because of a policy of the Shelby County Public Records Commission, certain records of the Shelby County General Sessions Court were destroyed after ten years.[1] The record of his first DUI conviction consists of a copy of the November 18, 1986, docket sheet of Judge Tim Dwyer and a certified copy of a computer-generated printout. The defendant argues that "[b]ecause the official Court records have been destroyed, the trial Court in this matter did not have the ability to adequately review the records and ascertain the validity and sufficiency of the judgments therein."

---

[1]This policy has been recently changed to allow destruction after twenty years.

In determining whether this testimony is sufficient to establish the fact of the defendant's 1986 conviction for DUI and that he was represented by counsel, we first compare the deficiencies in records in this matter with those in Parke v. Raley, 506 U.S. 20, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992), in which a Kentucky prosecutor sought to utilize prior convictions for enhancement purposes.

Ricky Harold Raley had been charged by the State of Kentucky with robbery and with being a persistent felony offender in the first degree because of two prior burglary convictions to which he had entered pleas of guilty in 1979 and 1981 and had not appealed. He argued that the two convictions could not be used for enhancement purposes because the record did not contain transcripts of the pleas and, thus, there was no showing that they were knowing and voluntary. The court, however, noted the "presumption of regularity" that attaches to the acts of a court of competent jurisdiction. Id. at 29, 113 S. Ct. at 523 (citing Johnson v. Zerbst, 304 U.S. 458, 464, 468, 58 S. Ct. 1019, 1023, 1025, 82 L. Ed. 1461 (1938)). Additionally, the court observed that no nefarious motive could be inferred from the absence of transcripts of the pleas of guilty. Such transcripts were not prepared, absent a direct appeal or a judge's order, and, additionally, court reporter's tapes normally were retained for only five years. Recognizing the difficulty in attacking, in a recidivism proceeding, a prior conviction, given the unavailability of records and inaccessibility of witnesses after the passage of time, the court concluded that the prosecution must satisfy a "clear and convincing" evidence standard. Id. at 34-35, 113 S. Ct. at 526.

In the instant case, contending generally that the State failed to prove, for purposes of enhancement, his 1986 DUI conviction alleged in the indictment, the defendant argues that he is not making a collateral attack upon the conviction, but, instead, questioning whether it can be used for enhancement purposes. Although our supreme court made it clear in State v. McClintock, 732 S.W.2d 268, 273 (Tenn. 1987), that an earlier facially valid DUI conviction could not be attacked during a sentencing hearing following a subsequent DUI conviction, the record in the earlier case consisted of the arrest warrant/judgment of conviction including the defendant's signed waiver of counsel. In this matter, however, the record of the 1986 charge shows only that the defendant was convicted of DUI, and sets out the resulting sentence. It is silent as to whether he was represented by counsel at the proceeding, and the law is clear that representation by counsel cannot be presumed from a silent record. Burgett v. Texas, 389 U.S. 109, 115, 88 S. Ct. 258, 262, 19 L. Ed. 2d 319 (1967).

However, the State sought to establish, through testimony, the fact and validity of the 1986 DUI conviction so that it could be utilized for enhancement purposes. At the sentencing hearing, the State called Judge Tim Dwyer, who testified that he was the presiding judge in Division VIII of the Shelby County General Sessions Court on November 18, 1986. He explained the procedure in general sessions court regarding a plea of guilty:

> Q. And could you tell The Court what your – is it your practice
> and procedure before accepting a guilty plea to advise a

defendant of their constitutional rights regarding the right to a trial?

A.    Yes, sir.

Q.    And has it been your practice and procedure while you were on the bench to advise defendants that they have a right to cross examine witnesses as well at that trial?

A.    Yes, sir.

Q.    That they could testify if they chose to but did not have to testify?

A.    Yes, sir.

Q.    That they had a right to an attorney, were they advised of that right?

A.    Yes, sir.

Q.    And if a person chose to represent themself [sic] are they allowed to do that if they can establish to your satisfaction that they are capable of representing themselves?

A.    It's a general rule if it's a Class C misdemeanor occasionally we'll let somebody pro se, but if it's a B or an A and it involves enhancement punishment then we require the person to have a lawyer, private lawyer or we'll appoint the public defender.

Q.    In regards to Class A misdemeanors and specifically the offense of driving under the influence, have you ever while on the bench accepted a plea of guilty from a defendant who is not represented by counsel?

A.    No, sir.

The State introduced a photocopy of the docket sheet of November 18, 1986, on which Judge Dwyer had made notations regarding the defendant's guilty plea. Judge Dwyer explained his notes on the docket sheet:

Okay. It would show to the plea of guilty to driving under the influence, that the defendant was ordered to pay a $250 fine plus

-4-

court costs, that he was sentenced to 15 days in jail with 13 days suspended, that he had credit for 12 hours, we had 36 hours to serve, that the other charges were nol prossed.

Regarding the additional documents which once existed, Judge Dwyer, referring to the docket sheet, stated:

Q. This document shows a guilty plea and a sentence for Mr. Clever for the offense of driving under the influence. Can you say without any uncertainty that these notations reflect that there was a Plea Waiver form signed by Mr. Clever, and that there was an Order of Sentence that was signed by Mr. Clever?

A. I could say this, I don't remember Mr. Clever, but I know that if I broke that down there was paperwork that I signed off on.

Q. So you would have signed those papers?

A. I wouldn't have just put it on my docket and done anything else.

The State also introduced a certified copy of a computer printout from the court clerk's office which showed the guilty plea, the date of disposition, and the $250 fine. Mike Triplett, a supervisor in the Shelby County General Sessions Court Clerk's office, testified that he had been a courtroom deputy in Judge Dwyer's court in 1986, the year that, according to the records, the defendant had entered a guilty plea to DUI. He said that he had no memory of that particular matter. However, he said that one of the responsibilities of the clerk, following the disposition of a matter, was to enter the information regarding the matter into their computer system and, then, enter onto the clerk's docket the same information which had been recorded into the computer. He said that these entries would be made at the time the matter was being disposed of. Additionally, he would compare the entries on the judge's docket as to the disposition with entries on the other records, to make certain that the information was consistent, before entering it into the computer.

Based upon this proof, the trial court concluded that the State had sufficiently proven that the defendant was convicted of DUI in 1986:

In my opinion there's been proof of a conviction. That proof consists of the testimony of Judge Dwyer, the record of his blotter which he noted a conviction of Mr. Clever, the testimony from Judge Dwyer as to the punishment that he imposed, a computer print-out, Exhibit 2, which evidences the sentence that was imposed against a Paul Clever on the day in question that Judge Dwyer indicated he did so that's consistent with his findings, the judgment was entered on

that date according to the clerk and to the judge of that court, and with nothing to the contrary to indicate that that, in fact, did not occur this Court is going to accept the testimony that's present that, in fact, a conviction did occur.

The validity of that conviction in my opinion, is not before this Court. The fact that a conviction occurred for purposes of enhancement, in my opinion, has been proven. And, again, I would reiterate that I do not feel that the validity of that conviction is before me, and for that reason I will accept the testimony that's been presented by the State as to Mr. Clever's 1986 conviction, and would rule that Mr. Clever, based upon the testimony that I've heard, would qualify as a third offender under the Driving Under The Influence Statutes.

Based upon the proof presented at the sentencing hearing, we agree with the ruling of the trial court. As for the fact of the 1986 conviction, Judge Dwyer, testifying from his docket, stated that it had occurred, and the conviction was shown by the clerk's computer printout, as well. Additionally, we note that the testimony of Judge Dwyer was unequivocal that he had never allowed a defendant to plead guilty to a Class A misdemeanor, as DUI was, unless the defendant was represented by counsel. Although the defendant argues that the State did not prove that the dictates of State v. Mackey, 553 S.W.2d 337 (Tenn. 1977), were complied with, he overlooks the fact that this is not a post-conviction proceeding, and even if it were, the Mackey precepts which exceed the requirements imposed by Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), cannot be raised in a post-conviction proceeding. Blankenship v. State, 858 S.W.2d 897, 905 (Tenn. 1993); Teague v. State, 789 S.W.2d 916, 917 (Tenn. Crim. App. 1990).

Additionally, we disagree that State v. Beck, 950 S.W.2d 44 (Tenn. Crim. App. 1997), requires, as the defendant asserts, that a prior DUI conviction can be proven only by a "certified copy" of the conviction. Id. at 47. Beck held that a jury could not infer that the defendant had earlier been convicted of DUI from a "certified copy of a March 1990 Robertson County conviction for DUI, second offense." Id. Without additional proof of the first such conviction, it cannot be determined whether it is within the period allowing it to be used for enhancement purposes. We do not understand Beck to conclude that, absent a certified copy, a conviction cannot be proven.

We cannot conclude that the trial court erred in ruling that the State had presented sufficient proof as to the defendant's 1986 DUI conviction, and we conclude, further, that the proof was sufficient to show that he was represented by counsel. The proof as to both of these issues was clear and convincing.

# Constitutionality of the Statute

As his second issue, the defendant argues that the language contained in Tennessee Code Annotated Section 55-10-403(a)(3) is void for vagueness and for being ex post facto in its effect. He asserts that the statute sets out two separate standards for determination of multiple offender status because the first sentence clearly states a ten-year period running from conviction to conviction, whereas the last sentence sets the measure from the last conviction to the present violation.

This issue has previously been argued. Two other panels of this court have already acknowledged that while the statute could have been more artfully drafted, it does not fail to give a person of ordinary intelligence fair notice of the conduct which is forbidden by the statute. See State v. Russell Snider, No. W2000-01240-CCA- R3-CD, 2001 WL 721030 (Tenn. Crim. App. at Jackson, June 26, 2001); see also State v. Sean W. Conway, No. M2000-01263-CCA-R3-CD, 2001 WL 487689 (Tenn. Crim. App. at Nashville, May 8, 2001). In both Snider and Conway, this court concluded that the ten-year period is measured from conviction to conviction. We also conclude that the defendant in this case qualifies as a multiple offender since his immediately preceding conviction is within the ten-year period, regardless of how the time frame is measured.

The defendant argues that this statute is unconstitutional, because at the time of his second DUI conviction in 1990, he could not have foreseen that the legislature would allow the courts to go back an additional ten years for purposes of enhancement. He further contends that had he known about the statute, he would not have pled guilty to the 1990 offense. Thus, the defendant argues that the statute is ex post facto.

In State v. Johnson, 970 S.W.2d 500, 505 (Tenn. Crim. App. 1996), this court rejected a similar ex post facto argument made by a defendant facing enhanced punishment as a multiple rapist because of a prior rape conviction:

> [I]t is well-established that penalty enhancing statutes only enhance the sentence for the triggering offense, rather than punish prior acts. See Gryger v. Burke, 334 U.S. 728, 732, 68 S. Ct. 1256, 1258, 92 L. Ed. 1683 (1948) (citations omitted) ("[T]he fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, [does not] make the Act invalidly retroactive."); State v. Bomar, 213 Tenn. 487, 376 S.W.2d 446, 447 (1964); Conrad v. State, 202 Tenn. 36, 302 S.W.2d 60 (1957). See also Suzanne M. McDonald, Foreseeability as a Limitation on the Retroactive Application of Judicial Decisions: Davis v. Nebraska, 26 CREIGHTON L.REV. 931, 948-49 (1993); Joel W.L. Millar, Nichols v. United States, The Right to Counsel, and Collateral Sentence Enhancement:  In Search of a Rationale, 144

U.PA.L.REV. 1189, 1191-93 (1996).  The punishment is enhanced
for the latest crime alone.

Since the defendant received multiple offender punishment for an offense committed after enactment of the DUI enhanced punishment statute, his claim is without merit that the statute cannot utilize his 1990 DUI conviction because he would not have pled guilty had he known of the enhancement possibilities.  He is not being punished anew for his prior convictions, but rather for a subsequent offense.  Thus, we conclude that the DUI statute, enhancing punishment for future offenses based upon prior DUI convictions, is not ex post facto.

## CONCLUSION

After careful review of the record, we conclude that the State presented sufficient evidence of the defendant's 1986 DUI conviction to use it for enhancement purposes.  We also conclude that Section 55-10-403(a)(3) is not void for vagueness, nor does it violate ex post facto prohibitions. Accordingly, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE