# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 28, 2004

## STATE OF TENNESSEE v. LARRY WADE GIBSON

**Direct Appeal from the Criminal Court for Roane County**
**No. 12600      E. Eugene Eblen, Judge**

---

**No. E2003-02102-CCA-R3-CD - Filed December 9, 2004**

---

This is an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Defendant, Larry Wade Gibson, was found guilty by jury verdict of one count of failure to report to the Tennessee Bureau of Investigation (TBI) sexual offender registry, a Class A misdemeanor. The trial court sentenced the Defendant to eleven months and twenty-nine days, 180 days of which is to be served in confinement. The Defendant's sole issue on appeal is whether the statute imposing criminal penalties for noncompliance with Tennessee's sexual offender registration act as applied to him constituted an ex post facto application of the law in violation of both the federal and state constitutions. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Walter Johnson, Assistant Public Defender, Harriman, Tennessee, for the appellant, Larry Wade Gibson.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; James Scott McCluen, District Attorney General; and Frank Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In February of 1988, the Defendant was convicted of aggravated sexual battery and sentenced to five years imprisonment to be served with the Tennessee Department of Correction (TDOC). In October of 1995, the Defendant was given instructions on his obligation to register with the TBI sexual offender registration program within ten days of his release from incarceration. He signed

a sexual offender release notification form acknowledging that he understood his responsibility. The Defendant was released from TDOC custody on December 4, 1995.[1]   On December 16, 1995, the Defendant dutifully registered with the TBI's sexual offender registration program, and continued to file his required quarterly monitoring forms with the TBI for the next two and three-quarter years.

The record reflects that the Defendant failed to file his monitoring form with the TBI for the first quarter of 1998 and failed to file every quarter thereafter through July of 2000, at which time he was "out of compliance" with the Sexual Offender Registration and Monitoring Act eleven times. An arrest warrant was issued in November of 2000, and in February of 2002, the Defendant was indicted on one count of failure to report to the TBI sexual offender registry in violation of Tennessee Code Annotated section 40-39-108, a Class A misdemeanor.

On July 15, 2003, the case proceeded to trial, where neither the State nor the defense presented any live testimony but rather relied solely upon documentary evidence.  The State submitted the Judgment from the Defendant's 1988 aggravated sexual assault conviction, and an affidavit from the records department of the TBI's sexual offender registration program alleging that the Defendant was out of compliance for failure to file quarterly monitoring forms.[2]  The Defendant offered no evidence.   The jury returned a verdict of guilty as charged, and the trial court imposed an eleven month and twenty-nine day sentence with 180 days to serve and the balance on probation. The Defendant filed a motion for new trial, which was overruled by the trial court.  The Defendant timely filed a Notice of Appeal.

## ANALYSIS

The Defendant claims that his conviction for failure to file monitoring reports as a sexual offender should be overturned because the imposition of additional criminal penalties amounted to increased punishment for his original sexual assault conviction in violation of the ex post facto provisions of both the United States Constitution and the Tennessee Constitution.  We disagree.

The 1994 Sexual Offender Registration and Monitoring Act was codified in section 40-39-101 et seq. of the Tennessee Code Annotated.[3]  The law required that every sexual offender must

---

[1] The record on appeal does not indicate why the Defendant was not released until December of 1995, thereby subjecting him to the requirements of the 1994 Sexual Offender Registration Act.  We note he was sentenced to five years in February of 1988 with fifty-one days credit for time already served and was eligible for release after serving 30% of his sentence.

[2] The Sexual Offender Registration and Monitoring Act expressly allowed for prosecution via documentary evidence only: "[i]n a prosecution for a violation of this section, in lieu of live testimony the TBI records custodian may, by sworn affidavit, verify that according to such records a sexual offender is in violation of the registration or verification requirements of this chapter."  Tenn. Code Ann. § 40-39-108(b).

[3] The Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004, 2004 Tenn. Pub. Acts 921, repealed and replaced the 1994 Sexual Offender Registration and Monitoring Act.  The
(continued...)

register with the TBI within ten days following release from incarceration.  See Tenn. Code Ann. § 40-39-103 (repealed 2004).   Section 40-39-108 of the Tennessee Code Annotated outlined the violations and accompanying penalties for failure to comply with the Act.   Specifically, a "[k]nowing falsification of a sexual offender registration/monitoring form . . . constitutes a Class A misdemeanor for the first offense, punishable by confinement in the county jail for not less than one hundred eighty (180) days."  Tenn. Code Ann. § 40-39-108(a) (repealed 2004).  According to the same statute, "falsification" includes the "[k]nowing failure to . . . timely deliver required registration/monitoring or verification/monitoring forms to the TBI . . . ."  Id.

Ex post facto laws are forbidden under both the United States and Tennessee Constitutions. See U.S. Const. art. 1, § 10, cl. 1[4]; Tenn. Const. art. I, § 11.[5]  The United States Supreme Court and the Tennessee Supreme Court "have adopted complementary constructions" of their respective ex post facto prohibitions.  Kaylor v. Bradley, 912 S.W.2d 728, 731 (Tenn. Ct. App. 1995).  In the first United States Supreme Court case to interpret the Ex Post Facto Clause, Justice Samuel Chase defined ex post facto laws to include four categories of prohibited criminal laws:

> 1st.  Every law that makes an action, done before the passing of the law, and which was innocent when done, criminal; and punishes such action.  2nd.  Every law that aggravates a crime, or makes it greater than it was, when committed.  3rd.  Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.  4th.  Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.

Calder v. Bull, 3 U.S. (3 Dall.) 386, 390 (1798); see also Davis v. Beeler, 207 S.W.2d 343, 349 (Tenn. 1947) (adopting Justice Chase's description of laws that violate ex post facto prohibitions).

The United States Supreme Court has modified its definition of an ex post facto law over the years, expanding it to include laws which "[make] that criminal which was not so at the time the action was performed, or which increases the punishment, or, in short, which, in relation to the offense or its consequences, alters the situation of a party to his disadvantage."  Kring v. Missouri, 107 U.S. 221, 228-29 (1883).  The Court later declared: "The Constitution forbids the application of any new punitive measure to a crime already consummated, to the detriment or material disadvantage of the wrongdoer."  Dobbert v. Florida, 432 U.S. 282, 299 (1977).  However, in 1990 the Court reined in what it would consider an ex post facto law by eliminating the broad "detriment

---

[3](...continued)
new sexual offender registration law became effective August 1, 2004, and is now codified at Tennessee Code Annotated section 40-39-201 et seq.

[4]"No State shall . . . pass any . . . ex post facto Law . . . ."

[5]"That laws made for the punishment of acts committed previous to the existence of such laws, and by them only declared criminal, are contrary to the principles of free Government; wherefore no Ex post facto law shall be made."

or disadvantage" category and returning to a more traditional definition of ex post facto by prohibiting laws which, "punish as a crime an act previously committed, which was innocent when done; . . . make more burdensome the punishment for a crime, after its commission; [and] deprive one charged with crime of any defense available according to law at the time when the act was committed." Collins v. Youngblood, 497 U.S. 37, 52 (1990).

Relying on language very similar to that used by the United States Supreme Court, the Tennessee Supreme Court has established five broad categories of laws that violate the Tennessee Constitution's Ex Post Facto Clause:

> 1. A law which provides for the infliction of punishment upon a person for an act done which, when it was committed, was innocent.
> 2. A law which aggravates a crime or makes it greater than when it was committed.
> 3. A law that changes punishment or inflicts a greater punishment than the law annexed to the crime when it was committed.
> 4. A law that changes the rules of evidence and receives (sic) less or different testimony than was required at the time of the commission of the offense in order to convict the offender.
> 5. Every law which, in relation to the offense or its consequences, alters the situation of a person to his disadvantage.

Miller v. State, 584 S.W.2d 758, 761 (Tenn. 1979) (citations omitted). Tennessee's highest court also stated in Miller that the Ex Post Facto Clause in the Tennessee Constitution has a broader reach than its federal counterpart.[6] Id. at 760-61.

There are two critical elements that must be present for any law to be found in violation of either the federal or Tennessee ex post facto provisions. First, the law "must be retrospective--that is, 'it must apply to events occurring before its enactment.'" Lynce v. Mathis, 519 U.S. 433, 441 (1997) (quoting Weaver v. Graham, 450 U.S. 24, 30 (1981)); see also State v. Pearson, 858 S.W.2d 879, 882 (Tenn. 1993) (quoting Miller v. Florida, 482 U.S. 423, 430 (1987)). Second, the retrospective law "must disadvantage the offender affected by it." Lynce, 519 U.S. at 441; see also Pearson, 858 S.W.2d at 882.

In the case at hand, the Defendant claims that his indictment, conviction and sentence for failing to timely deliver sexual offender monitoring forms in violation of section 40-39-108 of the

---

[6]Because the Tennessee Supreme Court found the Tennessee Constitution's Ex Post Facto Clause is more expansive than the one in Article I, Section 10 of the United States Constitution, there is no conflict between the fifth category of the Tennessee Miller ruling of 1979 and the 1990 Supreme Court ruling in Collins v. Youngblood, which shifted emphasis away from whether or not a defendant had been "disadvantaged" in an ex post facto analysis. See Collins v. Youngblood, 497 U.S. at 46-52 (expressly overruling Kring v. Missouri, 107 U.S. 221 (1883), and Thompson v. Utah, 170 U.S. 343 (1898), both of which had relied on the more lenient standard of defining an ex post facto law as one that merely disadvantaged a defendant). It is well-settled law that a state constitution may provide greater protection than its federal counterpart. See Van Tran v. State, 66 S.W.3d 790, 801 (Tenn. 2001).

Tennessee Code Annotated violate his state and federal constitutional guaranties against being subject to ex post facto laws. At his hearing on a motion for new trial, the Defendant, through counsel, stated: "After a man has been to prison, gotten out, and then to force him to have more punishment is in fact an ex post facto law, and is barred by both the State Constitution, but [sic] also the Constitution of the United States." The Defendant attributes the eleven month and twenty-nine day sentence he received in 2003 as additional punishment for his original 1988 aggravated sexual assault conviction, and therefore a violation of prohibitions against ex post facto laws. We conclude that the Defendant's conviction and sentence at issue in the case at hand were not imposed as additional punishment for his original sexual assault conviction, but rather pertain exclusively to his separate offense of failing to timely file monitoring forms with the TBI, and therefore do not violate any prohibition against ex post facto laws.

While an ex post facto challenge to the Tennessee law proscribing penalties for failing to timely register or file monitoring forms with the sexual offender program has not previously been addressed by a Tennessee appellate court, courts in several other jurisdictions have addressed this issue. The Ninth Circuit Court of Appeals dismissed an ex post facto challenge to Washington's sexual offender registration law, declaring:

> We emphasize that the crime of failing to register under the Act constitutes a separate offense. The fact that a prior conviction for sexual misconduct is an element of the "failure to register" offense is of no consequence. It is hornbook law that no ex post facto problem occurs when the legislature creates a new offense that includes a prior conviction as an element of the offense, as long as the other relevant conduct took place after the law was passed. The Supreme Court has recently suggested as much. See United States v. Watts, 519 U.S. 148, 117 S. Ct. 633, 136 L.Ed. 2d 554 (1997).

Russell v. Gregoire, 124 F.3d 1079, 1088-89 (9th Cir. 1997); see also Meinders v. Weber, 604 N.W.2d 248, 258 (S.D. 2000) (citing Russell, 124 F.3d at 1088-89, and holding that South Dakota's sex offender registration laws did not violate ex post facto prohibitions). We find the Ninth Circuit's summary of basic "hornbook" ex post facto law as it applies to sexual offender registration and monitoring laws to be persuasive.

The Sexual Offender Registration and Monitoring Act under which the Defendant was charged and convicted for failing to timely file monitoring forms went into effect in 1994. The law clearly indicated that anyone convicted of a sexual offense prior to January 1, 1995, but who was "discharged from incarceration without supervision on or after January 1, 1995," was required to register and file periodic monitoring forms with the TBI. Tenn. Code Ann. § 40-39-102(4)(B)(iii) (repealed 2004). The Defendant was released from incarceration served for his sexual assault offense in December of 1995. He was not only aware of the registration law prior to his release, but did indeed timely register after his release and maintained compliance for two and three-quarters years thereafter by submitting quarterly monitoring forms to the TBI. The fact that his prior conviction for aggravated sexual assault was one of several elements required to be convicted of the failure to report to the TBI sexual offender registry offense is of no consequence for an ex post facto

-5-

analysis. Quite simply, the Defendant was convicted and sentenced for the offense of failing to timely file monitoring reports in violation of Tennessee Code Annotated section 40-39-108. This offense was committed between 1997 and 2000. The law the Defendant was convicted of violating in the case at hand was on the books nearly three years before the Defendant was charged with violating it. Therefore, there is no ex post facto violation.

The specific issue of whether that portion of Tennessee's 1994 Sexual Offender Registration and Monitoring Act which imposes criminal penalties for failure to comply is an impermissible ex post facto law is a matter of first impression. However, the general principle that laws which establish a new crime but nonetheless require as an element of that crime a prior criminal conviction do not violate ex post facto prohibitions is well established, and is settled law in other contexts, most notably in sentence and penalty enhancement case law.

In State v. Clever, the defendant claimed a sentence enhancement following his third DUI conviction violated ex post facto provisions because the enhancement law was not enacted until after he was already convicted for his first two DUI offenses. State v. Clever, 70 S.W.3d 771, 776 (Tenn. Crim. App. 2001). Finding no ex post facto violation, this Court declared that because the defendant "received multiple offender punishment for an offense committed after enactment of the DUI enhanced punishment statute, his claim is without merit." Id. at 776-77. The Court further noted that "[h]e is not being punished anew for his prior convictions, but rather for a subsequent offense." Id. at 777.

Likewise, in State v. Johnson, this Court found no ex post facto violation in the application of Tennessee's multiple rapist statute to a defendant whose first rape conviction occurred before the rape penalty enhancing law was enacted. See State v. Johnson, 970 S.W.2d 500, 505 (Tenn. Crim. App. 1996). The Court declared that "it is well-established that penalty enhancing statutes only enhance the sentence for the triggering offense, rather than punish prior acts." Id. The Court concluded, "[t]he punishment is enhanced for the latest crime alone. Thus, the multiple rapist statute does not operate ex post facto." Id.

For the same reasons that DUI sentence enhancements and multiple rapist penalty enhancements do not violate ex post facto prohibitions, the Defendant's claim that Tennessee's sexual offender registration penalty statute violates ex post facto law also fails. The Defendant is not being punished anew for his 1988 aggravated sexual assault conviction, but rather for his failure to file monitoring reports from 1997 to 2000. The Defendant's eleven month and twenty-nine day sentence was imposed for his 2003 failure to report to the TBI sexual offender registry conviction alone. Thus, the first essential element of an ex post facto claim--that the law be retrospective--has not been met, and it is therefore unnecessary to examine whether or not the law disadvantaged the Defendant.

Although it is unclear whether the Defendant also challenges the entire 1994 Sexual Offender Registration and Monitoring Act itself as violative of ex post facto prohibitions, we will briefly

address this issue.[7] The United States Supreme Court has declared that sexual offender registration acts with retroactive application do not violate the federal Constitution's Ex Post Facto Clause if they are nonpunitive in nature. See Smith v. Doe I, 538 U.S. 84, 105-06 (2003). We note that the majority of jurisdictions to have addressed this issue have held that their respective sexual offender registration statutes do not violate ex post facto prohibitions, even when applied to offenders convicted prior to enactment of the registration law. These courts have generally reasoned that, while retrospective, sexual offender registration laws are not punitive but rather administrative or regulatory, and therefore do not disadvantage the offender. See generally Carol Schultz Vento, Annotation, Validity, Construction, and Application of State Statutes Authorizing Community Notification of Release of Convicted Sex Offender, 78 A.L.R.5th 489 (2004); 16B Am Jur. 2d. Constitutional Law, Sex Offender Legislation § 657 (2004).

We also note that the only previous appellate court to address an ex post facto challenge to Tennessee's sexual offender registration act found that the act did not violate the Ex Post Facto Clause of the federal Constitution because the Act was not intended to punish, nor was its effect punishment, thus the Ex Post Facto Clause was not implicated. See Cutshall v. Sundquist, 193 F.3d 466, 477 (6th Cir. 1999). We find the Sixth Circuit Court's analysis of Tennessee's 1994 Sexual Offender Registration and Monitoring Act—both its purpose and effect—comprehensive, and its reasoning for denying the ex post facto challenge persuasive. We also conclude that Tennessee's 1994 Sexual Offender Registration and Monitoring Act was nonpunitive in nature, and its application to the Defendant did not violate either state or federal ex post facto prohibitions.

Furthermore, because the Defendant's criminal conviction and sentence applies only to his sexual offender registration violation and does not relate back to his original 1988 sexual assault conviction, the statute imposing criminal penalties for failure to comply with the registration requirement fails to meet the requirements of any of the five Miller classifications of ex post facto laws. See Miller, 584 S.W.2d at 761.

The Defendant's criminal conviction and sentence in the case at hand relate only to his 1997 to 2000 violation of Tennessee Code Annotated section 40-39-108 with no retrospective application to any prior act. The Sexual Offender Registration and Monitoring Act was in place prior to the Defendant's conviction for violating it. Therefore the statute imposing criminal penalties for failure to comply with the Act did not operate ex post facto. This claim has no merit.

## CONCLUSION

For the foregoing reasons we conclude Tennessee Code Annotated section 40-39-108 as applied to the Defendant did not violate either federal or state constitutional prohibitions against ex post facto laws. Accordingly, we affirm the judgment of the trial court.

---

[7]We note again that the law in queston has been repealed and replaced. See supra note 3.

_____

DAVID H. WELLES, JUDGE