# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### June 20, 2006 Session

## STATE OF TENNESSEE v. MARY ANN McNEILLY

**Direct Appeal from the Criminal Court for Franklin County**
**No. 16043     J. Curtis Smith, Judge**

**No. M2005-02184-CCA-R3-CD - Filed November 22, 2006**

DAVID G. HAYES, Judge, concurring in part; dissenting in part.

I join with my colleagues in all respects, save one, I would affirm the sentence as imposed.

The appellant challenges the excessiveness of her sentence based upon her contention that the trial court failed to consider enhancing or mitigating factors on the record. I would agree, as noted below, that while the trial court did not make specific reference to a numbered enhancing or mitigating factor, the trial court did implicitly consider these factors in its sentencing determination. Nonetheless, after *de novo* review, the majority, finding enhancement factor (11) applicable, accordingly reduces the confinement period from ten days to five days.[1] In *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998), our supreme court expressly held that the trial judge in a misdemeanor case is not required to make specific findings with regard to enhancing or mitigating factors. The majority agrees with the appellant's argument that the trial court's failure to "state on the record that it had considered [sentencing] principles" is fatal error, citing as authority *State v. Beck*, 950 S.W.2d 44, 47 (Tenn. Crim. App. 1997).

---

[1]The majority also gives "slight" mitigating consideration to the appellant's lack of a prior criminal history.

The decision in *Beck*, however, preceded *Troutman*, which expressly overruled all cases inconsistent with its holding, and I find nothing in *Troutman* which requires the sentencing judge to pronounce, from the bench prior to imposing a sentence, words to the effect that "principles of sentencing have been considered."

Moreover, it is unclear how the failure to make such a pronouncement from the bench is fatal to the sentencing decision if the court is neither required to make any finding on the record or even to conduct a sentencing hearing if not requested. Following *Troutman*, this court has routinely held that failure to make specific reference to the principles of sentencing is not required, instead only requiring that the sentence reflects consideration of the principles. *State v. Thomas Lee Phillips*, No. E2004-00760-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Aug. 3, 2005) (lack of explicit findings of enhancing and mitigating factors is "no basis for holding trial court in error"); *see also State v. Brenda F. Jones*, No. W2002-00751-CCA-R3-CD (Tenn. Crim. App. at Jackson, July 29, 2003); *State v. Thomas Wayne Shields*, W2000-01524-CCA-R3-CD (Tenn. Crim. App. at Jackson, Jan. 4, 2002).

I find implicit within the trial court's sentencing determination consideration of the nature and circumstances of the criminal conduct, consideration of the lack of a criminal history, and consideration of the appellant's age. Finding no error in the application of sentencing principles, nor finding that the sentence is excessive, I would affirm the sentence as imposed.

_____

DAVID G. HAYES, Judge

-2-