STATE of Tennessee, Appellee,

v.

Meletha Teresa REA, Appellant.

Court of Criminal Appeals of Tennessee,
at Jackson.

Dec. 30, 1992.

Hugh R. Poland, Jr., Poland & Poland, Clarksville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, C. Mark Fowler, Asst. Atty. Gen., Nashville, Robert "Gus" Radford, Dist. Atty. Gen., Huntingdon, for appellee.

## OPINION

DWYER, Judge.

This is an appeal as a matter of right pursuant to Rule 3(b), Tenn.R.App.P., by Meletha Teresa Rea from the judgment of the Henry County Circuit Court finding her guilty of driving under the influence, second offense; failure to comply with the implied consent statute; and driving on a revoked license. Appellant received an effective sentence of eleven months, twenty-nine days in the Henry County Jail, loss of driver's license for two years, and a $500 fine.

Appellant presents two issues related to the trial court's admission of evidence pertaining to a prior, out-of-state D.U.I. conviction. For purposes of appellate review, these issues can effectively be consolidated into a single question of law.

Whether as a basis for finding appellant guilty of driving under the influence, second offense, the trial court properly credited appellant's prior out-of-state conviction.

In two issues, appellant basically complains that she was unlawfully convicted of driving under the influence, second offense, because the trial court erred in admitting the Alabama Uniform Traffic Ticket and Complaint, showing a prior D.U.I. conviction. Specifically, appellant relies on Rule 27, Tenn. R.Crim.P. in arguing that the Alabama Uniform Traffic Ticket and Complaint was not properly authenticated.

█ Former Rule 27, concerning proof and admissibility of official records, was de-

leted by order approved by the General Assembly, effective July 1, 1991. For all trials conducted after the latter date, official records are covered by Rules 803(8) and 902(4), Tenn.R.Evid. *See* Tenn.R.Crim.P., Rule 27 (1991) (Advisory Commission Comments and Compiler's Notes). The appellant's trial occurred here on November 26, 1991. Rule 27, therefore, is not applicable to this case.

Moreover, the Alabama Uniform Traffic Ticket and Complaint complies with Rules 803(8) and 901, Tenn.R.Evid. (1991). The ticket does not lack trustworthiness. The face of the ticket indicates the case number TR88–1773, bearing the same number as the obverse side of the ticket indicating the court record, court action and disposition. The ticket bears a signed certification of the office of the Clerk of the Municipal Court of Phenix City, Alabama and other indicia of reliability.

■ Appellant next argues that, by its own terms and language, the Tennessee D.U.I. statutes preclude any admission in evidence of a conviction outside the state. Appellant is essentially attempting to revisit her earlier contention that an Alabama D.U.I. conviction may not be used to establish appellant's guilt for D.U.I., second offense. Nothing in the statute suggests support for appellant's argument.

Tennessee Code Annotated § 55–10–403(a) is the enhancement provision of the D.U.I. statutes. This section does not limit enhancement use of prior convictions to Tennessee convictions; neither does it prohibit non-Tennessee convictions. Moreover, appellant has provided neither case law nor other authority in support of her contention.

In effect, appellant is attempting to limit the effect of her first D.U.I. conviction in the same proceeding where the prior conviction is used to enhance a subsequent violation for D.U.I. *See State v. O'Brien,* 666 S.W.2d 484, 485 (Tenn.Crim.App.1984). The Tennessee Supreme Court has prohibited this form of attack. *State v. McClintock,* 732 S.W.2d 268, 272 (Tenn.1987).

■ As to appellant's argument that "the State failed to prove the defendant had been informed in writing by the Alabama trial judge of the enhancing penalties for subsequent D.W.I. convictions," we find such a contention absurd. If appellant wishes to launch an attack on the constitutionality of the Alabama conviction, she should do so in that jurisdiction.

We find this appeal, therefore, to be without merit. Accordingly, the judgment of the trial court is affirmed.

TIPTON and WHITE, JJ., concur.