IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 26, 2001 Session

## STATE OF TENNESSEE v. RICKY R. BOWEN

**Appeal from the Criminal Court for Sullivan County**
**No. S43,062     Phyllis H. Miller, Judge**

---

**No. E2000-02498-CCA-R9-CO**
**August 8, 2001**

---

The defendant, Ricky R. Bowen, is charged with driving under the influence of an intoxicant (DUI). The state was granted an interlocutory appeal from the trial court's order dismissing the second "count" of the indictment by which the defendant was subjected to enhanced minimum sentencing as a second time offender. The issue presented is whether a conviction for the first DUI offense must precede the commission of the second offense before a defendant may be convicted of DUI, second offense. We hold that the conviction must only precede the second conviction, not the second offense.

**Tenn. R. App. P. 9; Judgment of the Criminal Court Reversed; Case Reversed and Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Robert Montgomery, Assistant District Attorney General, for the appellant, State of Tennessee.

Cary C. Taylor, Kingsport, Tennessee, for the appellee, Ricky R. Bowen.

### OPINION

On May 17, 1999, the defendant was arrested for DUI. On June 16, 1999, the defendant was arrested for the DUI in the present case. On July 27, 1999, the defendant was convicted in the General Sessions Court of DUI for the May offense. On September 8, 1999, he was indicted for DUI, second offense, regarding the June offense. Upon the defendant's motion, the trial court dismissed the second offense status count because the first conviction did not occur "before he was charged with DUI in the present case." Nothing in the record reflects upon what the trial court based its ruling.

In its brief, the state argues two points. First, it states that "dismissal of count 2 was improper based on the plain language of Tenn. Code Ann. § 55-10-403." We will ignore the fact that the brief does not specify where this plain language exists in a statute that occupies more than seven pages of our code. Second, it states that the trial court's ruling "could have serious policy implications" and "defies logic and reason and [flies] in the face of the public-welfare reasons for preventing and punishing drunk driving." It asserts that "irresponsible individuals would have every incentive to drive under the influence before being convicted on the first DUI because charges for second or successive DUI offenses would be subject to dismissal until the conviction on the first offense." However, we will not presume, and we seriously doubt, that drunk individuals would have an increased urge to drive while a DUI charge is pending just because they would escape the mandatory minimum punishment for a second offense, punishment that could easily be equaled or surpassed by sentences for two first offense DUI's.

The defendant points us specifically to Tenn. Code Ann. § 55-10-403(a)(3) which provides as follows:

> For purposes of this section, a person who is convicted of a violation of § 55-10-401 shall not be considered a repeat or multiple offender and subject to the penalties prescribed in subsection (a), if ten (10) or more years have elapsed between such <u>conviction</u> and any immediately preceding <u>conviction</u> for a violation. If, however, a person has been <u>convicted</u> of a violation of § 55-10-401 within ten (10) years of the present <u>violation</u>, then such person shall be considered a multiple offender and is subject to the penalties imposed upon multiple offenders by the provisions of subsection (a). If a person is considered a multiple offender under this subdivision then every <u>conviction</u> for a violation of § 55-10-401, within ten (10) years of the immediately preceding <u>violation</u> shall be considered in determining the number of prior offenses, but in no event shall a <u>conviction</u> for a violation occurring more than twenty (20) years from the date of the instant <u>conviction</u> be considered for such purpose.

(Emphasis added). We assume this is the "plain" language to which the state's brief refers. The defendant comments that a continued review of 403 "does not reveal an absolute standard for one to determine when a second D.U.I. offense must occur in relation to a conviction." In this respect, "plain" is not the adjective we would use to describe subsection 403(a)(3).

At first blush – and even at the last – this subsection contradicts itself. The first sentence provides that the focal points for determining the timing of multiple DUI's for punishment purposes are the conviction dates. This would mean that the defendant in this case would be exposed to second offender status if his prior conviction preceded the date of a conviction in this case, not the date of the offense. However, the next sentence speaks of the prior conviction "within ten (10) years of the present violation." This would mean that the defendant would not be exposed to enhanced sentencing because his prior conviction did not precede the date of his violation of the law.

Apparently, the trial court chose this meaning. In the third sentence, the first part relates the timing from a prior conviction to a subsequent violation while the second part relates the timing from the prior conviction to the present conviction. This could mean either or both methods of calculation are involved.

To say the least, Tenn. Code Ann. § 55-10-403(a)(3) is ambiguous. However, this court, in two recent cases, reviewed the legislative history behind the present subsection and concluded that the 1998 amendment that rewrote the entire subsection was intended "simply to increase the reach of the statute as far back as twenty (20) years." State v. Sean W. Conway, No. M2000-01263-CCA-R3-CD, Williamson County, slip op. at 10 (Tenn. Crim. App. May 8, 2001); see also State v. Russell Snider, No. W2000-01240-CCA-R3-CD, Shelby County, slip op. at 6-7 (Tenn. Crim. App. June 26, 2001). This court noted that the previous statute measured the time between convictions. In both cases, this court concluded that the appropriate interpretation of subsection 403(a)(3) is that the calculation of time is required to be from conviction to conviction, as stated in the first sentence of the subsection. Conway, slip op. at 10; Snider, slip op at 7. Based upon these opinions, we conclude that the defendant may be prosecuted for DUI, second offense, even though his first conviction occurred after the alleged DUI offense in the present case occurred.

We also conclude that the fact that the defendant did not have the benefit of being warned pursuant to Tenn. Code Ann. § 55-10-403(g)(1) of enhanced punishment for future DUI's before he was charged a second time for DUI is of no consequence to our holding. The statute does not provide that failure to warn bars enhanced sentencing for subsequent DUI's. See State v. George S. Mercer, No. 02C01-9404-CC-00066, Hardin County (Tenn. Crim. App. Oct. 19, 1994).

In consideration of the foregoing and the record as a whole, the trial court is reversed and the case is remanded for further proceedings upon the charge of DUI, second offense.

_____
JOSEPH M. TIPTON, JUDGE