IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 11, 2005

**JAMES C. BREER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Henry County**
**No. 13416     Julian P. Guinn, Judge**

---

**No. W2004-01017-CCA-R3-PC  - Filed May 20, 2005**

---

The Appellant, James C. Breer, appeals the Henry County Circuit Court's dismissal of his petition for post-conviction relief.  On appeal, Breer argues that trial counsel was ineffective for (1) failing to investigate and prepare for trial, and (2) failing to advise him of his right to testify at trial in violation of *Momon v. State*, 18 S.W.3d 152 (Tenn. 1999).  After review, we conclude that issue (1) is without merit.  However, with regard to issue (2), we conclude that the record does not support the trial court's finding that Breer personally waived his right to testify as required by *Momon*. Moreover, because the procedural guidelines adopted in *Momon* for determining whether the error was harmless were not followed, we find it necessary to remand for resolution of this issue.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed in Part;**
**Reversed and Remanded in Part**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. C. McLIN, JJ., joined.

Gary J. Swayne, Paris, Tennessee, for the Appellant, James C. Breer.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Robert "Gus" Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural Background**

In June of 2000, the Appellant was convicted of three counts of aggravated sexual battery by a Henry County jury.  On direct appeal, this court found no error and affirmed the Appellant's

convictions. *State v. James Cleveland Breer*, No. W2001-00390-CCA-R3-CD (Tenn. Crim. App. at Jackson, Feb. 7, 2002).

On August 26, 2002, the Appellant filed a *pro se* petition for post-conviction relief. The Henry County Circuit Court summarily dismissed on the ground that the petition failed to state a colorable claim. This court reversed the post-conviction court's summary dismissal of the petition and remanded the case for appointment of counsel and an evidentiary hearing on the claim of ineffective assistance of counsel. *James C. Breer v. State*, W2002-02545-CCA-R3-PC (Tenn. Crim. App. at Jackson, July 9, 2003). In its opinion, this court specifically noted the Appellant's allegation that he "did not personally waive his right to testify at his own trial" and that neither trial counsel nor the trial court, as required by *Momon*, advised the Appellant of this right. *Id*. Counsel was appointed upon remand, and the Appellant filed an amended petition on September 16, 2003. A hearing was held on December 3, 2003, and on March 12, 2004, the trial court entered an order denying post-conviction relief. This timely appeal followed.

## Analysis

On appeal, the Appellant argues that he received the ineffective assistance of counsel. At the post-conviction hearing, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in the petition. Tenn. Code Ann. § 40-30-110(f) (2003). To succeed on a challenge of ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Id*. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (*quoting Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068) (citations omitted). The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceeding. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994).

## I. Investigation and Preparation

The Appellant argues that trial counsel was ineffective based upon the cumulative effect of various deficiencies characterized as "failure to investigate the case and prepare for trial." He contends that counsel waived a preliminary hearing without explaining to him what he was waiving and did not file a bill of particulars to ascertain the dates on which the incidents occurred. With

respect to witnesses, he maintains that trial counsel did not interview or cross-examine the victim's teacher, Shauna Adams, or properly cross-examine Investigator Vandiver. The Appellant also contends that counsel did not visit the Appellant's home or question Tamela Breer, the victim's mother, concerning the layout of the house. He alleges that trial counsel was ill-prepared, did not review the victim's juvenile court testimony, and did not discuss possible defenses with him.

A bare allegation that trial counsel has failed to perform in some manner does not equate to ineffective assistance of counsel. To prevail, the Appellant must establish that, as a result of the particular omission or failure, (1) that a benefit was lost and (2) that, as a result of the lost benefit, there was a reasonable probability that the case would have concluded differently if counsel had performed as suggested. *See Burns*, 6 S.W.3d at 463. The Appellant has failed to establish either of these factors with regard to his claims of deficient performance. For example, the Appellant offers no explanation as to how a preliminary hearing, a visit to the Appellant's home, or further preparation for trial would have likely changed the outcome of this case. Accordingly, we conclude that the Appellant's allegations of inadequate investigation and preparation for trial fail to establish prejudice.

## II. Right to Testify

Tennessee recognizes that a criminal defendant has a fundamental right to testify. *Momon*, 18 S.W.3d at 157. The court in *Momon* concluded:

> Since the right to testify at one's own trial is a fundamental right, it follows that the right may only be waived personally by the defendant. *See Jones v. Barnes*, 463 U.S. 745, 751, . . . 103 S. Ct. 3308 (1983) (stating that "the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal"); *Vermilye v. State*, 754 S.W.2d 82, 88 (Tenn. Crim. App. 1987) ("The decision as to whether an accused should testify at trial rests with the accused, not defense counsel."); *cf. State v. Blackmon*, 984 S.W.2d 589, 591 (Tenn. 1998) ("Due to our long-standing presumption against waiver of fundamental constitutional rights, these rights must be personally waived by a defendant."). . . . Generally, a right that is fundamental and personal to the defendant may only be waived if there is evidence in the record demonstrating "an intentional relinquishment or abandonment of a known right or privilege." *see Johnson v. Zerbst*, 304 U.S. 458, 464, . . . 58 S. Ct. 1019 (1938). The waiver of a fundamental right will not be presumed from a silent record, *see State v. Muse*, 967 S.W.2d 764, 767 (Tenn. 1998); *House v. State*, 911 S.W.2d 705, 715 n.20 (Tenn. 1995), and the courts should indulge every reasonable presumption against the waiver of a fundamental right. *State ex rel. Barnes v. Henderson*, 423 S.W.2d 497, 502, 220 Tenn. 719, 730 (Tenn. 1968). To ensure that defense attorneys in future criminal cases do not unilaterally deprive criminal defendants of the fundamental right to testify, in every trial where the defendant does

not testify, the trial court should allow, and indeed require, defense counsel to employ the following procedure.

At any time before conclusion of the proof, defense counsel shall request a hearing, out of the presence of the jury, to inquire of the defendant whether the defendant has made a knowing, voluntary, and intelligent waiver of the right to testify. This hearing shall be placed on the record and shall be in the presence of the trial judge. Defense counsel is not required to engage in any particular litany, but counsel must show at a minimum that the defendant knows and understands that:

(1) the defendant has the right not to testify, and if the defendant does not testify, then the jury (or court) may not draw any inferences from the defendant's failure to testify;

(2) the defendant has the right to testify and that if the defendant wishes to exercise that right, no one can prevent the defendant from testifying;

(3) the defendant has consulted with his or her counsel in making the decision whether or not to testify; that the defendant has been advised of the advantages and disadvantages of testifying; and that the defendant has voluntarily and personally waived the right to testify.

*Id.* at 161-62.

The record reflects that the three-part test adopted by our supreme court in *Momon* was not followed at trial, nor did the Appellant sign a written waiver of his right to testify. At the post-conviction hearing, following remand, Appellant's trial counsel testified that he explained to the Appellant "that it was [the Appellant's] absolute right, it was his decision [to testify or not testify]." When trial counsel was specifically asked whether he discussed his right to testify with the Appellant, as required by *Momon,* and the consequences of any waiver of that right, trial counsel responded:

I'm not familiar with the case that you're quoting or what the particular[s] are of that particular case. If I recall, I leaned over to him and said, "I don't think you can get on. Do you want to testify?" And he said, "No." I think that was the extent of our conversation. I don't recall going through any dissertation about following some rule in some case. I'm sure I didn't.

. . . .

If you're asking me whether or not [the Appellant] made a conscious decision about whether or not he should testify or was going to testify, the answer is "yes." If you're asking me did I explain to him the details of that in accordance with this case, probably not.

At the post-conviction hearing, trial counsel further asserted that had the Appellant chosen to testify at trial, "I would have advised him against it, strongly advised him against it, to the point

-4-

that I may have resigned as his counsel if he had insisted on doing that, but he did not." The Appellant's testimony on this issue materially contradicted the testimony of trial counsel. The Appellant related:

> The conversation never took place. I was never informed that it was my right to testify. At one point, it was, "If you don't, you're going to be found guilty." Then it was, "I don't think I want you to." Then it was, "I don't think we need you to." That was it.

With regard to this issue, the post-conviction court concluded that the Appellant made a "conscious and informed decision to not take the stand. Had [the Appellant] elected to testify trial counsel would have strongly advised against it and considered resigning as his attorney." Guided by the three-part test of *Momon*, the presumption against the waiver of a fundamental right, the requirements that the relinquishment of a constitutional right be intentional and knowing, and the factually disputed testimony at the post-conviction hearing, we conclude that the Appellant did not personally waive his right to testify at trial.[1]

Notwithstanding a finding of error, our supreme court in *Momon* recognized that the error was subject to constitutional harmless error analysis. 18 S.W.3d at 166. The State has the burden of proving that the violation of this constitutional right is harmless beyond a reasonable doubt. *Id.* at 167. In determining whether the State has proven that the constitutional violation is harmless beyond a reasonable doubt, courts should consider the following factors: (1) the importance of the defendant's testimony to the defense case; (2) the cumulative nature of the testimony; (3) the presence or absence of evidence corroborating or contradicting the defendant on material points; and (4) the overall strength of the prosecution's case. *Id.* The above factors "are merely instructive and not exclusive considerations." *Id; see also State v. Posey*, 99 S.W.3d 141, 149 (Tenn. Crim. App. 2002).

In this case, as in *Momon*, consideration of these factors is not possible from the record before us. Although this case was remanded for review under *Momon*, which implicitly requires examination of the substance of the Appellant's testimony that he would have offered at trial, (factors 1 and 2), no such testimony was elicited from the Appellant at the remand hearing. As such, remand is again necessary.

---

[1]As observed by our supreme court in *Momon*, "We are satisfied that the right to testify in one's own behalf is of such fundamental importance that a defendant who timely demands to take the stand contrary to the advice given by his counsel has the right to give an exposition of his defense before a jury." 18 S.W.3d at 161 n.11 (quoting *People v. Curtis*, 681 P.2d 504, 512 (Colo. 1984)). Moreover, *Momon* holds that trial tactics and strategy do not afford defense counsel the authority to unilaterally waive a criminal defendant's right to testify. *Id.* at 162 n.13. Finally, we note that the three-part test of *Momon* requires more than a simple determination of whether the defendant wishes to testify or not.

**CONCLUSION**

Based upon the foregoing, we conclude that the Appellant's claims of inadequate investigation and preparation for trial are without merit. However, we reverse the post-conviction court's ruling that the Appellant personally waived his right to testify as required by *Momon*. Because the four-part test adopted in *Momon* for determining whether the error was harmless was not adhered to, we remand for determination of this issue.

_____
DAVID G. HAYES, JUDGE