# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
June 8, 2004 Session

## STATE OF TENNESSEE v. BERNARD E. ROLLER, JR.

**Appeal from the Criminal Court for Davidson County**
**No. 2002-T-73 Seth Norman, Judge**

---

**No. M2002-02911-CCA-R3-CD - Filed July 26, 2004**

---

Following a jury trial, the appellant, Bernard E. Roller, Jr., was convicted of driving under the influence. The trial court sentenced the appellant to an eleven month, twenty-nine-day sentence and suspended all of the sentence except for fifteen days, which the appellant was ordered to serve in the workhouse. After the denial of a motion for new trial, the appellant filed a timely notice of appeal challenging: (1) his sentence as excessive; (2) the trial court's decision to exclude evidence about the tachograph in the police officer's car; (3) comments made by the prosecutor during rebuttal argument; (4) the trial court's failure to take corrective action following the prosecutor's prejudicial comments; and (5) the trial court's failure to question the appellant in accordance with Momon v. State, 18 S.W.3d 152 (Tenn. 1999). Although we conclude that issues (1), (2), (3), and (4) are without merit, the record is devoid of evidence to allow this Court to determine whether the appellant personally and knowingly waived his right to testify. Therefore, we remand the case to the trial court for a hearing to determine whether the appellant's right to testify was violated, and if so, whether the violation of the appellant's right to testify was harmless beyond a reasonable doubt.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Edward L. Holt, Jr., Murfreesboro, Tennessee, for the appellant, Bernard E. Roller, Jr.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Gigi Braun, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

On August 23, 2002, Officer David Slessinger of the Metropolitan Police Department DUI Task Force was working an off-duty job at a Tennessee Titans' football game. After the game, he drove on I-40 east in his patrol car towards his home when he saw the appellant's van swerving, "traveling in two lanes of traffic and at one point as he was traveling in two lanes of traffic, I think he realized it and attempted to correct it and when he did so, he over corrected and almost side-swiped a semi." At that point, Officer Slessinger paced the appellant's van at approximately 70 miles per hour in a 55 mile per hour zone. At exit 213, Officer Slessinger activated his blue lights and siren in an attempt to pull the appellant over. He observed the appellant's vehicle as it continued to swerve back and forth from the lane marker, moving at one point to the far right lane and driving off the road. The appellant finally stopped his vehicle in the area of Old Hickory Boulevard at exit 219.

When Officer Slessinger approached the van, he asked the appellant for his driver's license and noted that the appellant displayed "poor manual dexterity in attempting to remove it [his driver's license] from his wallet." Officer Slessinger noticed that the appellant's eyes were bloodshot and that there was an "extreme" odor of alcoholic beverage and what he thought was marijuana about the appellant's person. Upon exiting the van, the appellant had to brace himself against the van to maintain his balance.

The appellant submitted to two field sobriety tests, the walk-and-turn and the one-leg stand. Officer Slessinger noted that the appellant was unable to keep his balance and place his feet heel-to-toe while doing the walk-and-turn test. Further, the appellant took more steps than instructed by the officer. The appellant attempted to perform the one-leg stand two times and was unable to complete the test for more than three seconds either time. The appellant's performance on the one-leg stand was so poor that Officer Slessinger ended the test, concluding that he had probable cause to believe that the appellant was under the influence of alcohol.

At that time, Officer Slessinger arrested the appellant for DUI. Officer Slessinger observed that "his eyes appeared to be blood shot and red . . . . [H]is mental state, I had listed as confused, almost incoherent. . . . [H]e was staggering when he walked. His speech fluctuated from loud to quiet. [It] appeared to me to be slurred." Officer Slessinger then placed the appellant in the back seat of the patrol car for a twenty-minute observation period prior to the administration of the breath-alcohol test. During the twenty-minute observation period, the appellant admitted that he drank 10 beers at the Titans' game. The results of the breath-alcohol test revealed that the appellant's breath-alcohol was .19%.

The appellant was indicted by the Davidson County Grand Jury for DUI. He pled not guilty and opted for a jury trial. At the conclusion of the trial, the jury found the appellant guilty of DUI. After a sentencing hearing, the appellant was sentenced to an eleven-month, twenty-nine-day

sentence.  The trial court ordered the appellant to serve fifteen days of the sentence day-for-day, after which the remainder of the sentence was to be suspended.  The appellant was also fined $500, required to attend alcohol safety school, and lost driving privileges for a period of one year.

After the denial of a motion for new trial, the appellant filed a timely notice of appeal challenging: (1) his sentence as excessive; (2) the trial court's decision to exclude evidence about the tachograph in the police officer's car; (3) comments made by the prosecutor during rebuttal argument; (4) the trial court's failure to take corrective action following the prosecutor's prejudicial comments; and (5) the trial court's failure to question the appellant in accordance with Momon v. State, 18 S.W.3d 152 (Tenn. 1999).

## Tachograph as Evidence

The appellant complains on appeal that the trial court erred in rejecting his request to make an exhibit of Officer Slessinger's activity sheet and tachograph.  Specifically, he argues that the trial court erred in determining that the tachometer and activity report were irrelevant.  The appellant contends these items "should have been placed before the jury for the purpose of evaluating the officer's credibility."  The State contends that "the trial court's ruling on relevancy was correct."

Officer Slessinger testified on direct examination that he initiated the stop of the appellant's vehicle at 23:50 hours.  During cross-examination of Officer Slessinger, the appellant's trial counsel attempted to raise the issue of the time of the stop as recorded on the tachograph in the officer's car.  The state objected and the trial court sustained the objection.  Subsequently, after the jury was excused, the appellant's trial counsel made an offer of proof regarding the tachograph.  During the offer of proof, Officer Slessinger testified that, according to the tachograph, the stop of the appellant's vehicle occurred at 23:55 hours and that the tachograph does not register exact times but has a margin of error "either way."

In order to be admissible, evidence must be relevant and probative to an issue at trial.  State v. McCary, 922 S.W.2d 511, 515 (Tenn. 1996); see also Tenn. R. Evid. 402.  Evidence is relevant if is has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Tenn. R. Evid. 401.  However, relevant evidence may be excluded at trial if the probative value of that evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  Tenn. R. Evid. 403.  The determination of relevancy is left to the discretion of the trial court, and this Court will not overturn a trial court's determination in this regard in the absence of an abuse of discretion.  State v. Forbes, 918 S.W.2d 431, 449 (Tenn. Crim. App. 1995).

The trial court determined that the evidence was not relevant, even after hearing the offer of proof from the appellant's trial counsel.  This evidence involves an alleged five minute discrepancy between Officer Slessinger's testimony as to the time of the stop and that recorded by the tachograph.  This evidence does not have any bearing on the stop itself or on the officer's observations of the appellant.  Under these circumstances, we conclude that the trial court did not

abuse its discretion in finding the evidence irrelevant to the issue of the officer's credibility or the appellant's guilt. This issue is without merit.

### Prosecutor's Statements During Closing Argument

The appellant also challenges several statements made by the prosecutor during closing argument. Specifically, he argues that one statement made by the prosecutor constituted an improper reference to the fact that the appellant chose not to testify and that a separate statement by the prosecutor constituted his own personal opinion for which the trial court should have issued a curative instruction. The appellant concedes that trial counsel failed to make a contemporaneous objection to the statements made by the prosecutor. The State argues that the appellant waived his complaint to the statements by failing to object at trial, and, in the alternative, that the statements do not amount to plain error.

During rebuttal argument, the prosecutor made the following statements:

Last August 23rd, that man was drunk as a skunk, three sheets to the wind. And this 47-year-old man isn't man enough to take responsibility for his actions. The State got up here in its opening statement and it told you [what] the proof was going to show. The defense got up here and they said four words to you. My client is not guilty. End of story. Sat back down. And the State gladly accepts the burden proving that that man is guilty beyond a reasonable doubt.

Later on during argument, the prosecutor stated:

Defense counsel argues that we don't have a video [of the traffic stop]. Well, you know, what that video, thank God we don't have it, because it would probably be worse for him. When someone blows a .19, you don't need a video to show that they are intoxicated. Defense counsel argues that the machine is not certified in the proper amount of time. Well, first of all, the Tennessee Bureau of Investigation, the agency that certifies these machines, they won't certify them and turn in documents if these machines weren't working properly.

The transcript of the closing arguments reflects, as noted by the State and conceded by the appellant, that trial counsel for the appellant failed to object during the prosecutor's rebuttal argument. By failing to object to any of the prosecutor's rebuttal statements, the appellant has waived this issue on appeal. Tenn. R. Crim. P. 36(a); see also State v. Little, 854 S.W.2d 643-51 (Tenn. Crim. App. 1992) (determining that the failure to object to prosecutor's alleged misconduct during closing argument waives any later complaint).

Further, the appellant failed to raise this issue in his motion for new trial or amended motion for new trial. Thus, we can consider the appellant's argument only if the statements qualify as plain error under Tennessee Rule of Criminal Procedure 52(b). In exercising our discretion as to whether plain error review under Tenn. R. Crim. P. 52(b) is appropriate, the Tennessee Supreme Court has directed that we examine five factors, all of which must be present in a case in order for review under Rule 52(b) to be appropriate. These five factors are as follows: (1) the record must clearly establish what occurred in the trial court; (2) a clear and unequivocal rule of law must have been breached; (3) a substantial right of the defendant must have been adversely affected; (4) the accused did not waive the issue for tactical reasons; and (5) consideration of the error is necessary to do substantial justice. State v. Smith, 24 S.W.3d 274, 282-83 (Tenn. 2000) (citing Adkisson, 899 S.W.2d at 641).

For a "substantial right" of the accused to have been affected, the error must have prejudiced the appellant. In other words, it must have affected the outcome of the trial court proceedings. United States v. Olano, 507 U.S. 725, 732-37 (1993) (analyzing the substantially similar Fed. R. Crim. P. 52(b)); Adkisson, 899 S.W.2d at 642. This is the same type of inquiry as the harmless error analysis under Tenn. R. App. P. 36(b), but the appellant bears the burden of persuasion with respect to plain error claims. Olano, 507 U.S. at 732-37.

In the case herein, we are not persuaded that the appellant has successfully carried his burden of persuasion in establishing a plain error claim. There is no indication that a substantial right of the appellant was adversely affected, that the appellant did not waive the issue for tactical reasons, or that consideration of the error is necessary to do substantial justice. Further, it is hard to ascertain how the appellant could have been prejudiced by the prosecutor's comments when the evidence against him was overwhelming. The appellant has not shown that the prosecutor's statements amounted to plain error. We conclude that this issue is without merit.

Sentencing

Next, the appellant challenges his sentence. Specifically, he argues that "the 15 day period of incarceration imposed by the trial court was improper" because the record does not indicate that the pre-sentence report was reviewed or that the trial court considered the sentencing principles in imposing the sentence. The State argues that the record supports the trial court's sentencing decision.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn.

1991). We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

DUI, first offense, is a Class A misdemeanor. See Tenn. Code Ann. § 55-10-403(m). Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. See Tenn. Code Ann. § 40-35-302(b). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. See State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998); State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumptive sentence. See State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

Our legislature has provided that a defendant convicted of first offense DUI "shall be confined . . . for not less than forty-eight hours nor more than eleven months and twenty-nine days." Tenn. Code Ann. § 55-10-403(a)(1). In effect, the statute mandates a maximum sentence for a DUI conviction, which is eleven months and twenty-nine days, and the only function of the trial court is to determine what period above the statutory minimum period of incarceration, if any, is to be suspended. See Troutman, 979 S.W.2d at 273; State v. Combs, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of service of the sentence. Tenn. Code Ann. § 40-35-302(a). The trial court retains the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). In determining the percentage of the sentence to be served in actual confinement, the court must consider the principles of sentencing and the appropriate enhancement and mitigating factors, and the court must not impose such percentages arbitrarily. Tenn. Code Ann. § 40-35-302(d).

The Tennessee Supreme Court has stated that in misdemeanor sentencing the trial court need not make specific findings of fact on the record, so long as it appears the trial judge considered the principles of sentencing in the code and applicable enhancement or mitigating factors. Tenn. Code Ann. § 40-35-302(d); Troutman, 979 S.W.2d at 274.

In the case herein, the trial court held a separate sentencing hearing. At the hearing, there was no testimony and the only evidence introduced was the pre-sentence report. The pre-sentence report revealed that the appellant was a forty-eight-year-old college graduate who had no prior offenses. The trial court made no findings of fact on the record, but commented that the appellant had admitted to the officer that he had consumed ten beers. Although the trial court did not state explicitly that the fifteen-day sentence was related to the amount of alcohol that the appellant had to drink the night of the offense, implicit in the trial court's ruling is a determination that there is a direct link between

the two. We cannot find that the trial court exceeded the "wide latitude of flexibility" allowed in misdemeanor sentencing. Creasy, 885 S.W.2d at 832. This issue is without merit.

## Momon Error

Lastly, the appellant argues that the record is silent as to whether he personally waived his right to testify at trial. Relying on Momon v. State, 18 S.W.3d 152 (Tenn. 1999), he requests a remand to determine whether he waived his right to testify and, if not, whether the denial of the right to testify was harmless. The State agrees.

First of all, because the appellant failed to address the issue in his motion for new trial, we must find plain error before we can address the issue. An error which has affected the substantial right of a defendant may be noticed at any time in the discretion of the appellate court where necessary to do substantial justice. State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). "Plain error" or "fundamental error" is recognized under Tennessee Rule of Criminal Procedure 52(b). Adkisson, 899 S.W.2d at 639. Some errors are so fundamental and pervasive that they require reversal without regard to the facts or circumstances of the particular case State v. Eldridge, 951 S.W.2d 775, 784 (Tenn. Crim. App. 1997) (citing Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986)).

The right of a criminal defendant to testify at trial is a fundamental constitutional right, which may only be personally waived by the defendant. Momon, 18 S.W.3d at 161. This Court has previously determined that the failure to conduct a hearing pursuant to Momon to determine whether the defendant personally waived his right to testify was plain error. As such, the failure of the appellant to raise this issue in a motion for a new trial does not preclude this Court from considering the issue. See Tenn. R. Crim. P. 52(b); State v. Posey, 99 S.W.3d 141, 148-49 (Tenn. Crim. App. 2002).

The fundamental right of a defendant to testify at trial may only be waived personally by the defendant. Momon, 18 S.W.3d at 161. "Generally, a right that is fundamental and personal to the defendant may only be waived if there is evidence in the record demonstrating 'an intentional relinquishment or abandonment of a known right or privilege.'" Id. at 161-62. To ensure that the right to testify has been personally waived by the defendant, the Momon court directed trial courts in all future cases to follow procedural guidelines which call for defense counsel to request a jury-out hearing in the presence of the trial court to demonstrate that the defendant's waiver of the right to testify has been knowingly, intelligently, and voluntarily made. Id. at 163. At this hearing, which "shall be placed on the record," defense counsel must at a minimum show "that the defendant knows and understands:"

> (1) the defendant has the right not to testify, and if the defendant does not testify, then the jury (or court) may not draw any inferences from the defendant's failure to testify;
> (2) the defendant has the right to testify and that if the defendant wishes to exercise that right, no one can prevent the defendant from testifying;
> (3) the defendant has consulted with his or her counsel in making the decision

whether or not to testify; that the defendant has been advised of the advantages and disadvantages of testifying; and that the defendant has voluntarily and personally waived the right to testify.

Id. at 162. The mere failure of a trial court to follow these guidelines, however, is not enough to support the defendant's claim that he was deprived of his constitutional right to testify "if there is evidence in the record to establish that the right was otherwise personally waived by the defendant." Id. at 163. A waiver of this right may not be presumed by a silent record. Id. at 162.

There is no evidence in the record that the procedural guidelines established by Momon were followed. Furthermore, there is no evidence to "establish that the right was otherwise personally waived by the defendant." Momon, 18 S.W.3d at 163. We have no indication of what the substance of the appellant's testimony would have been had he testified. Therefore, we remand this case for the trial court to determine whether the appellant personally waived his right to testify and whether, if he had wished to testify, the denial of the right was harmless beyond a reasonable doubt.

In determining whether the State proved that the constitutional violation is harmless beyond a reasonable doubt, courts should consider the following factors: (1) the importance of the defendant's testimony to the defense's case; (2) the cumulative nature of the testimony; (3) the presence or absence of evidence corroborating or contradicting the defendant on material points; and (4) the overall strength of the prosecution's case. See id. at 167. The above factors "are merely instructive and not exclusive considerations." Id. at 168. On remand, if the trial court concludes that the State meets its burden, the appellant's conviction will be sustained. However, if the State fails to prove that the error was harmless beyond a reasonable doubt, the trial court must vacate the appellant's conviction and grant the appellant a new trial.

Conclusion

Accordingly, we remand the case for a hearing to determine whether the appellant personally waived his right to testify and whether, if he had wished to testify, the denial of the right was harmless beyond a reasonable doubt. The remainder of the appellant's issues are without merit.

_____
JERRY L. SMITH, JUDGE